IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY ERNEST MAY,<br>TDCJ No. 1649632,<br><br>     Petitioner,<br><br>V.<br><br>WARDEN COSBY,<br><br>     Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:21-cv-2053-X-BN |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Petitioner Timothy Ernest May, a Texas prisoner, again challenges – this time through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 – his 2010 Hood County conviction for felony driving while intoxicated after having been convicted of DWI in 1992 and again in 1996, a felony conviction which resulted in a sentence of 75 years of imprisonment. *See State v. May*, No. CR11479 (355th Dist. Ct., Hood Cnty., Tex.), *aff'd*, No. 02-10-00271-CR, 2011 WL 3211214 (Tex. App. – Fort Worth July 28, 2011, pet. denied); Dkt. No. 3 at 3-5; *see also May v. Stephens*, No. 4:13-cv-337-A, 2014 WL 5493246 (N.D. Tex. Oct. 29, 2014), *appeal dismissed*, No. 14-11282 (5th Cir. Jan. 9, 2015).

United States District Judge Brantley Starr referred May's habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Preliminarily, May's habeas petition appears in substance to be a successive 28 U.S.C. § 2254 application. And he may not skirt the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), the statutory scheme applicable to such petitions, by labeling this application as one under Section 2241. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (AEDPA's "restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ,'" which itself "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.' The added restrictions which the [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9." (citations omitted)); *see also Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) ("A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" (quoting 28 U.S.C. § 2244(b))).

*Felker*, among other authority, also empowers the district court to – "[i]rrespective of the label a petitioner uses" – "consider a filed habeas petition under the proper statutory framework." *Hallman v. Waybourn*, No. 4:20-cv-686-O, 2021 WL 1105330, at *1 (N.D. Tex. Feb. 10, 2021) (citing *Felker*, 518 U.S. at 662-65; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020) (relying on *Felker*); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987)).

May's habeas petition, collaterally attacking a state conviction and sentence, is therefore properly considered under Section 2254. *See Hallman*, 2021 WL 1105330,

at *1 ("Section 2254 is reserved for habeas petitions on 'behalf of a person in custody pursuant to a judgment of a State court.' 28 U.S.C. § 2254(a). Petitioner is such a person; thus, his petition is properly construed as a petition arising under § 2254.").

And "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994).

These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

But, under its discretion and in furtherance of justice, the district court in which such an application is filed may transfer the application to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d); *see also Carmona*, 375 F.3d at 539 (affirming dismissal of Section 2254 application for lack of jurisdiction but remanding with instructions to transfer the matter to either the district of conviction or the district of incarceration if petitioner elects to pursue his claim in either forum); *cf.* 28 U.S.C. § 1631 (allowing a district court lacking jurisdiction over an action to transfer that action if in the interest of justice to a federal court in which the action could have been brought at the time it was filed or noticed).

Because May challenges a state conviction and sentence out of Hood County, which lies within the Fort Worth Division of this district, *see id.* § 124(a)(2), this Court, sitting in the Dallas Division of this district, has jurisdiction over the construed Section 2254 application.

But the application should nonetheless be transferred, under Section 2241(d), to the Fort Worth Division, the division of this judicial district in which the state court that convicted and sentenced May is located, and, given its familiarity with May's prior Section 2254 practice, that venue is also best equipped to determine the disposition of this petition insofar as it may be successive. *See Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) (citing 28 U.S.C. § 1404 to note that, "[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought" and further remarking that, "[i]f there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced" (citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) ("The legislative history of [Section 2241(d)] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had."))).

Accordingly, under the undersigned's authority granted by Rule 2(a)(3) of the

Court's Miscellaneous Order No. 6, this action will be transferred to the Fort Worth Division of the Northern District of Texas on **September 21, 2021** to allow any party to file an objection to the Judge Starr within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: August 31, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE